**Mary CARROLL, Appellant,**

v.

**COLLINS TEXAS CREDIT UNION,**
Appellee.

No. 3791.

Court of Civil Appeals of Texas.

Eastland.

May 23, 1963.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

Clarence Bentley, Dallas, for appellee.

WALTER, Justice.

Collins Texas Credit Union filed suit against Donald D. Carroll and Mary Carroll on a promissory note and for foreclosure of a chattel mortgage.

The court overruled Mary Carroll's plea of privilege. She has appealed contending the court erred in overruling her plea of privilege because (1) there is no evidence of the non-residence of Donald D. Carroll, a co-defendant (2) no evidence that the chattels sought to be foreclosed upon were in Dallas County and (3) no evidence of a written promise to pay in Dallas County.

Collins controverted the appellant's plea of privilege and alleged that subdivisions 3, 5 and 12 of Article 1995 of Vernon's Ann.Tex.Civ.St. applied. We find the rule of venue stated by our Supreme Court in Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969, 972, as follows: "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear."

We have concluded that there is no support in the evidence for the order overruling appellant's plea of privilege on the theory that her co-defendant resided without the state or that his residence was unknown within the meaning of said subdivision number 3 or on the theory that the suit was for a foreclosure of a lien on chattels located in Dallas County under subdivision 12.

Subdivision 5 of said Article 1995 provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The note signed by appellant does not contain any words which could be construed as a promise to pay in Dallas County. The chattel mortgage has the following provision:

"TO HAVE AND TO HOLD the same unto said mortgagee, said mortgagees personal representative, successors and assigns forever.

"Provided, and these presents are upon the express conditions, that if said mortgagor shall well and truly pay or cause to be paid to said mortgagee said sum above mentioned, with interest thereon, in accordance with the terms of his certain promissory note bearing even date herewith, signed by said mortgagor, payable to said mortgagee or order as follows; to-wit: 3500.00 Dollars with interest on the unpaid balance at the rate of one % per month payable in monthly installments of 3500.00 Dollars, the first payment to be made on the 7 day of March, 1961, and a like amount every          thereafter until the full amount has been paid, said above payments to be paid at the offices of Collins Texas Credit Union, 1937 Irving Blvd. Dallas          Dallas,
                    (address)          (City)    (County)
Texas.
(State)"

The description of the note in the mortgage asserts that the note provides for payment in Dallas County. This is a misdescription of the note because it has no such provision. The mortgage contains no promise to pay in Dallas County but only misdescribes the note as so providing. The misdescription does not constitute an express promise to pay in Dallas County.

We have concluded that the court erred in overruling appellant's plea of privilege. The judgment is reversed and the cause remanded.